```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT CHARLESTON
```

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                                         Civil Action No. 2:14-30063

MICHAEL SPARKS and
CARL CONLEY,
an individual,

       Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                                         Civil Action No. 2:14-30095

MICHAEL THORNSBURY and
CANDICE HARPER,

       Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                                         Civil Action No. 2:14-30098

MICHAEL THORNSBURY
DONALD RAY STEVENS and
RUBY STEVENS,

       Defendants.

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,**

      Plaintiff,

v.                                                                  Civil Action No. 2:14-30105

**MICHAEL SPARKS
DONALD RAY STEVENS and
RUBY STEVENS,**

      Defendants.


**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,**

      Plaintiff,

v.                                                                  Civil Action No. 2:14-30127

**MICHAEL THORNSBURY and
DELORIS "DEE" SIDEBOTTOM**

      Defendants.


**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,**

      Plaintiff,

v.                                                                  Civil Action No. 2:14-30221

**MICHAEL SPARKS
DELORIS "DEE" SIDEBOTTOM,**

      Defendants.

2

**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

      Plaintiff,

v.                                               Civil Action No. 2:14-30230

**MICHAEL THORNSBURY and**
**DAVID HEATH ELLIS**
**DEVCO BUILDING AND CONSTRUCTION, INC.,**
a West Virginia Corporation,

      Defendants.


**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

      Plaintiff,

v.                                               Civil Action No. 2:14-30287

**DAVID BAISDEN and**
**GEORGE WHITE,**

      Defendants.


**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

      Plaintiff,

v.                                               Civil Action No. 2:14-30295

**JARROD FLETCHER and**
**DAVID HEATH ELLIS and**
**DEVCO BUILDING AND CONSTRUCTION, INC.,**
a West Virginia Corporation

## <u>MEMORANDUM OPINION AND ORDER</u>

These nine civil actions were filed on or about December 16, 2014.  They are in varying stages of development.

On December 16, 2014, civil action 2:14-30063 was instituted. On January 14, 2015, National Union Fire Insurance Company of Pittsburgh, PA, ("NUFIC") moved to appoint a guardian ad litem to represent defendant Michael Sparks. On February 11, 2015, defendant Carl Conley filed an "Opposition" to the request for declaratory judgment, followed on February 23, 2015, by NUFIC's response thereto. No reply has been received. John Patrick L. Stephens represents Mr. Conley.

On December 17, 2014, civil action 2:14-30095 was instituted. On February 6, 2015, defendant Candice Harper moved to dismiss and for judgment on the pleadings, followed on February 18, 2015, by NUFIC's response thereto. No reply has been received. The motion asserts that the applicable policy of insurance provides coverage for the wrongs alleged by Ms. Harper against Mr. Thornsbury. Mr. Thornsbury is required to file a responsive pleading or otherwise move on or before March 10, 2015. Mr. Thornsbury is represented by Guy R. Bucci. Ms. Harper is represented by Michael O. Callaghan and Joshua R. Martin.

On December 17, 2014, civil action 2:14-30098 was instituted. On March 2, 2015, defendants Donald Ray Stevens and Ruby Stevens moved to dismiss. The motion asserts that the applicable policy of insurance provides coverage for the wrongs

alleged by the Stevens against Mr. Thornsbury and that the court should abstain from the controversy.  Mr. Thornsbury is required to file a responsive pleading or otherwise move on or before March 10, 2015.  Mr. Thornsbury is represented by Mr. Bucci.  The Stevens are represented by Kevin W. Thompson and David R. Barney, Jr.

On December 17, 2014, civil action 2:14-30105 was instituted.  On March 2, 2015, defendants Donald Ray Stevens and Ruby Stevens moved to dismiss.  The motion is similar, if not identical, in substance to that filed by the Stevens in civil action 2:14-30098.  Mr. Sparks has not been served and NUFIC has not moved for the appointment of a guardian ad litem.  The Stevens are represented by Mr. Thompson and Mr. Barney.

On December 17, 2014, civil action 2:14-30127 was instituted.  Mr. Thornsbury is required to file a responsive pleading or otherwise move on or before March 10, 2015.  Ms. Sidebottom has not been served.  Mr. Thornsbury is represented by Mr. Bucci.

On December 17, 2014, civil action 2:14-30221 was instituted.  On January 14, 2015, NUFIC moved for a guardian ad litem.  On February 6, 2015, Ms. Sidebottom moved to dismiss, followed on February 13, 2015, by NUFIC's response thereto.  No

reply has been received. The motion asserts that the applicable policy of insurance provides coverage for the wrongs alleged by Ms. Sidebottom against Mr. Sparks. Ms. Sidebottom is represented by Mr. Callaghan and Mr. Martin.

On December 17, 2014, civil action 2:14-30230 was instituted. Mr. Thornsbury is required to file a responsive pleading or otherwise move on or before March 10, 2015. It does not appear that the remaining defendants have been served. Mr. Thornsbury is represented by Mr. Bucci.

On December 17, 2014, civil action 2:14-30287 was instituted. On February 16, 2015, counsel appeared for defendant George White. Mr. White is represented by Mr. Thompson and Mr. Barney. It does not appear that service has been accomplished upon defendant David Baisden, who is presently incarcerated.

On December 17, 2014, civil action 2:14-30295 was instituted. On February 26, 2015, defendant Jarod Fletcher answered. He is represented by Robert B. Kuenzel. It does not appear that the remaining defendants have been served.

One impediment to the just, speedy and final adjudication of this action is the absence of those defendants who are presently in custody and unserved, namely, Mr. Sparks

and Mr. Baisden. The Federal Rules of Civil Procedure require that federal courts follow state law regarding who has the capacity to be sued. Rule 17(b)(1) provides that "[c]apacity to sue or be sued is determined . . . for an individual who is not acting in a representative capacity, by the law of the individual's domicile," which appears to be West Virginia as opposed to the places of incarceration. Fed. R. Civ. P. 17(b)(1). The West Virginia Rules of Civil Procedure require that when a civil suit is brought against an incarcerated person, service be made on

> that person's committee, guardian, or like fiduciary . . . or, if there be no such committee, guardian, or like fiduciary . . . service of process shall be made upon a guardian ad litem appointed under Rule 17(c).

W. Va. R. Civ. P. 4(d)(4).

Additionally, West Virginia Rule of Civil Procedure 17(c) provides as follows:

> Whenever an infant, incompetent person, or convict has a representative, such as a general guardian, curator, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant, incompetent person, or convict. An infant, incompetent person, or convict who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court or clerk shall appoint a discreet and competent attorney at law as guardian ad litem for an infant, incompetent person, or convict not otherwise represented in an action, or shall make such other order as it deems proper for the protection of the infant, incompetent person, or convict. A guardian ad litem is deemed a party for purposes of service; failure to serve a guardian ad litem in circumstances where service upon a

7

party is required constitutes failure to serve a party. W. Va. R. Civ. P. 17(c).  West Virginia Rule 17(c) is in accord with state statutory and decisional law.  See W. Va. Code § 28-5-36; Quesinberry v. Quesinberry, 191 W.Va. 65, 70 (1994); Craigo v. Marshall, 175 W. Va. 72, 75-76 (1985).  The law regarding capacity of prisoners was "enacted to alleviate the harsh common law rule allowing a convict to be sued, but not to appear in court to defend his case."  Craigo, 175 W. Va. at 74.

In accordance with these authorities, the court will appoint guardians ad litem for Mr. Sparks and Mr. Baisden for the limited purpose of effecting service upon them.

For the reasons stated, it is ORDERED that Wesley Kent Varney be, and hereby is, appointed as guardian ad litem for Mr. Sparks and James M. Cagle be, and hereby is, appointed as guardian ad litem for Mr. Baisden.  The appointments are for the limited purpose of effecting service of process and the guardians forthwith delivery of a copy of that which is served upon them to Mr. Sparks and Mr. Baisden, together with prompt notification to the court that they have done so.  Such notification is to be accompanied by a writing signed by each defendant as to whether they are engaging counsel to represent them in this action.  It is further ORDERED as follows:

1.  That counsel for the parties who have appeared be, and hereby are, directed to meet and confer on or before March 20, 2015, to discuss the suitability of consolidating these cases, or common issues found therein, for adjudication of any matters that are found to recur in all or a majority of the above-styled civil actions; and

2.  That counsel be, and hereby are, directed to report in writing to the court on or before April 1, 2015, respecting a proposed plan for such a complete or partial consolidation.

The Clerk is directed to transmit a copy of this written opinion and order to all counsel of record, the guardians ad litem, and any unrepresented parties.

ENTER: March 6, 2015

John T. Copenhaver, Jr.
United States District Judge